UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE JONES, #260563

        Plaintiff,                              Case No. 12 – 12042

   v.                                                          District Judge Patrick J. Duggan
                                                            Magistrate Judge Laurie J. Michelson
BRADY PERRY.

        Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO
REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS [DKT. 8]**

      Plaintiff Jesse Jones ("Plaintiff"), a Michigan Department of Corrections prisoner proceeding *pro se*, has filed a Complaint titled "Application for Leave to Appeal" seeking to appeal from a state court judgment dismissing his lawsuit brought pursuant to 42 U.S.C. § 1983. (Dkt. 1.) On May 17, 2012, Plaintiff's Application to Proceed Without Prepayment of Fees was granted. (Dkt. 4.) Presently before the Court is Defendant Brady Perry's Motion to Revoke Plaintiff's *In Forma Pauperis* Status and to Dismiss the Complaint under 28 U.S.C. § 1915(g) because Plaintiff has filed more than three frivolous lawsuits. (Dkt. 8.) Having reviewed Plaintiff's prior lawsuits (*id*. at Exs. 2-5) and the record in this matter, the Court concludes that Plaintiff falls within the "three-strike" restrictions established by 28 U.S.C. § 1915(g) and may not proceed without prepayment of the filing fee for this action. Therefore, this Court RECOMMENDS that Defendant's Motion be GRANTED such that Plaintiff's leave to proceed without prepayment of fees and costs be revoked and the Complaint be dismissed if Plaintiff fails to pay the filing fee within fourteen (14) days of any District Court Order adopting this Recommendation.

**I. BACKGROUND**

Plaintiff is an inmate at MDOC's Baraga Correctional Facility. He brought a civil rights lawsuit in the Houghton County Circuit against Baraga correctional officer Brady Perry alleging violation of his constitutional rights. (Compl., Ex. 2, Houghton County Circuit Court Op.) As explained by the state court, Plaintiff alleged "that Defendant deliberately withheld legal correspondence which had been sent to the Plaintiff by the 30th Judicial Circuit for a period of some three days, and that contrary to protocol, the mail was opened outside of Plaintiff's presence and that a portion of the mailing was never provided to him." (*Id*.) Plaintiff claimed that this alleged interference with his mail constituted a deprivation of his right of access to the courts as protected by the First and Fourteenth Amendments to the United States Constitution. (*Id*.) On May 5, 2011, the state circuit court granted Defendant's motion for summary disposition "[b]ecause Plaintiff's complaint fail[ed] to satisf[y] the actual injury requirement necessary in order to sustain a cause of action alleging a deprivation of a right of access to the courts as protected by the First and Fourteenth Amendments" and dismissed Plaintiff's case. (*Id*.) Subsequently, the Michigan Court of Appeals and Michigan Supreme Court denied Plaintiff's attempts to appeal. (Compl., Exs. 5-6.)

Plaintiff then filed this suit on May 7, 2012 seeking to appeal the state court decision. (Dkt. 1.) Plaintiff's federal complaint alleges that it was error for the Houghton County Circuit Court to dismiss his case in its entirety after only addressing his access to courts claim and not his due process claim. (*Id*.) Plaintiff filed an Application to Proceed Without Prepayment of Fees which was granted on May 17, 2012. (Dkt. 4.) On June 22, 2012, Defendant filed a Motion to Revoke Plaintiff's *In Forma Pauperis* Status and to Dismiss based on the fact that Plaintiff has had at least three (3) prior federal court lawsuits dismissed as frivolous, malicious and/or for failure to state a

claim upon which relief can be granted. (Dkt. 8.) Plaintiff contends that he was granted *in forma pauperis* status during his state court proceedings and because his federal case is an appeal of the state court decision, he should be allowed to proceed *in forma pauperis* in this court as well. (Dkt. 10, Resp.) All pretrial matters have been referred to this Court. (Dkt. 2.)

## II. ANALYSIS

### A. "Three Strikes" Law

Under the Prison Litigation Reform Act ("PLRA"), a prisoner is not entitled to proceed without prepayment of the filing fee if, on three or more prior occasions, the prisoner's case was dismissed as malicious or frivolous, or for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). More specifically,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). If a prisoner's "complaint clearly satisfie[s] the provisions of § 1915(g) at the moment of filing, [a] district court ha[s] no authority to consider the merits of the complaint." *Mitchell v. Tennessee*, 86 F. App'x 898, 899 (6th Cir. 2004).

### B. Plaintiff Has Three Prior Litigation Strikes

Attached to Defendant's Motion to Revoke are four (4) orders and judgments from the U.S. District Court for the Western District of Michigan that demonstrate that, at the time Plaintiff filed the present action, he previously had filed more than three complaints that had been dismissed as frivolous or for failure to state a claim. (Mot. to Revoke, Exs. 2-5.) Each of the three Judgments

3

expressly state that the dismissal of the action counts as a strike for purposes of 28 U.S.C. 1915(g). (*Id*. (citing *Jones v. Unknown Ollis*, Case No. 2:08-cv-155 (W.D. Mich. Oct. 16, 2008); *Jones v. Boneville*, No. 2:08-cv-233 (W.D. Mich. Oct. 21, 2008); *Jones v. Unknown Yoak*, No. 2:08-cv-255 (W.D. Mich. Dec. 5, 2008)).) Additionally, in a case filed in 2010 in this court, District Judge Bernard A. Friedman denied Plaintiff's application to proceed without payment of fees and costs and dismissed his complaint under 28 U.S.C. 1915(g) because of these "three-strikes" from the Western District of Michigan. *Jones v. Caruso*, No. 10-11081 (E.D. Mich. Apr. 9, 2010) (Dkt. 3). Based on this record, this Court concludes that Plaintiff has three litigation strikes under 28 U.S.C. § 1915(g).

Further, Plaintiff's Complaint and Response to the pending Motion make clear that this case is simply an (attempted) appeal of the Michigan Supreme Court's denial of his application for leave to appeal the decision in his §1983 case filed in the Houghton County Circuit Court. Plaintiff does not allege any imminent danger of serious injury.

## III. CONCLUSION

Because Plaintiff has filed more than three frivolous lawsuits and cannot show that he is in imminent danger of serious physical injury, this Court RECOMMENDS that Defendant's Motion to Revoke Plaintiff's *In Forma Pauperis* Status be GRANTED. The Court further RECOMMENDS that, if this Report and Recommendation is adopted, Plaintiff be given 14 days from the date of the District Court's Order to tender the entire filing fee to the Clerk of the Court and if he fails to do so, the Complaint be dismissed. Plaintiff is also reminded that, even if the filing fee is paid, the Complaint is still subject to 28 U.S.C. § 1915A(b), which requires a court to dismiss a prisoner's complaint against "a governmental entity or officer or employee of a governmental entity" that is

4

"frivolous, malicious, or fails to state a claim upon which relief may be granted."[1]

## IV. FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES MAGISTRATE JUDGE

Dated: July 16, 2012

---

[1] Pursuant to the *Rooker-Feldman* doctrine, the Court has serious concerns about its jurisdiction to consider Plaintiff's self-described "application for leave to appeal" the state court decision.

5

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 16, 2012.

>   s/Jane Johnson
>   Deputy Clerk