UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE JONES,

    Plaintiff,

v.                                   Case No. 12-12042
                                   Honorable Patrick J. Duggan

BRAD PERRY,

    Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS

Plaintiff, a Michigan Department of Corrections' prisoner, filed this lawsuit seeking to "appeal" the Michigan courts' decisions dismissing his civil rights lawsuit against Defendant. Plaintiff has been granted leave to proceed without prepayment of the filing fee. On June 22, 2012, Defendant filed a motion to revoke Plaintiff's "*in forma pauperis*" status and to dismiss the Complaint pursuant to 28 U.S.C. § 1915(g) because Plaintiff has filed more than three frivolous lawsuits. On the same date, this Court referred the lawsuit to Magistrate Judge Laurie J. Michelson for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).

On July 16, 2012, Magistrate Judge Michelson issued a Report and Recommendation ("R&R") recommending that the Court grant Defendant's motion,

revoke Plaintiff's *in forma pauperis* status, and dismiss the lawsuit if Plaintiff fails to pay the filing fee within fourteen days. (Doc. 12.) Magistrate Judge Michelson finds that Plaintiff has filed at least three frivolous lawsuits in the Western District of Michigan, is not asserting that he is an imminent danger of serious injury, and that he therefore is not entitled to proceed *in forma pauperis* in this lawsuit pursuant to 28 U.S.C. § 1915(g). At the conclusion of the R&R, Magistrate Judge Michelson informs the parties that they must file any objections to the R&R within fourteen days. (*Id*. at 5.) On July 26, 2012, Plaintiff filed objections to Magistrate Judge Michelson's R&R.

When objections are filed to a report and recommendation by a magistrate judge on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the Report and Recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 472 (1985).

In his objections, Plaintiff argue that this matter is not subject to 28 U.S.C. § 1915(g) because it is an "appeal" of the state courts' decisions. Plaintiff also argues

that one of his prior lawsuits discussed by Magistrate Judge Michelson in her R&R– a lawsuit filed in the Eastern District of Michigan and assigned to the Honorable Bernard A. Friedman– was not dismissed as frivolous. As to Plaintiff's second argument, even if he is correct, it does not change the fact that judges in the Western District of Michigan dismissed as frivolous at least three of Plaintiff's prior lawsuits.

As to Plaintiff's first argument, he is incorrect that § 1915(g) does not apply to this action. This is not an "appeal" of the state courts' decisions. The Michigan courts' decisions dismissing Plaintiff's claims are not appealable to the federal district courts; instead, any review would have to be had in the United States Supreme Court. *See* 28 U.S.C. § 1257; *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S. Ct. 1303 (1983) (holding that a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257). Federal district courts are required to give full faith and credit to the state courts' determination. *See, e.g., Smithrud v. City of Minneapolis*, 456 F. App'x 634, 635 (8th Cir. 2012) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517 (2005) ("[T]he United States Supreme Court's appellate jurisdiction over state-court judgments precludes federal district courts from exercising subject matter jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments . . . [that invite] district court review and rejection of those judgments.'")).

In short, this Court agrees with Magistrate Judge Michelson's analysis of Defendant's motion and finds no basis in Plaintiff's objections to rule differently.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections to Magistrate Judge Michelson's Report and Recommendation are rejected, the Report and Recommendation is adopted, and Defendant's motion to revoke Plaintiff's *in forma pauperis* status is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's *in forma pauperis* status is **REVOKED** and this lawsuit will be dismissed if Plaintiff fails to pay the filing fee within fourteen (14) days of this Opinion and Order.

Date: August 6, 2012         s/PATRICK J. DUGGAN
                             UNITED STATES DISTRICT JUDGE

Copies to:
Jesse Jones, #260563
Baraga Correctional Facility
13924 Wadaga Road
Baraga, MI 49908-9204

AAG Kevin R. Himebaugh

Magistrate Judge Laurie J. Michelson

4